Woodbury, J.
The petition in this case alleges that the defendant sold to the plaintiff on or about the 15th day of September, 1889, a sewing machine on tbe installment plan for tbe sum of $55.00 to be paid for upon installments, the title to said sewing machine to remain in tbe vendor. Said sewing machine was delivered to plaintiff by defendant in pursuance of the agreement, and at divers other times sub *461 sequent thereto she made payments upon said machine amounting to $36.00, as she was required to do under her agreement with said defendant. Plaintiff says that she failed to make payments in accordance with the exact terms of the agreement as to the time of payment, and that on the 31st day of August, 1891, defendant, without paying back said $36.00, or any part of the same, forcibly and against her will and protest, took said sewing machine from the plaintiff, and still holds, the same, and refuses to return said sewing machine to plaintiff. "Wherefore plaintiff asks judgfnent against defendant in the sum of $36.00, and costs.
The defendant aswers in the first place, denying that they took the machine against the will, consent or protest of the plaintiff below.
Secondly, it set up that at the time of the sale of the machine by the Singer Manufacturing Company to the plaintiff below, they took a chattel mortgage on the machine; that under and in pursuance of the contract she was to pay $3 per month, but that for some time sha had failed to pay the installments when they became due, and that by virtue of the chattel mortgage they took possession of the machine.
For a third defense defendant alleged that it took possession of the machine with her consent and under an arrangement that if she should pay $3.00 the next week, they would restore the machine "to her.
The case went to trial, and after proof of the sale, the terms and conditions of the same, and proof of the mortgage, the circumstances surrounding the sale, and of payment of the installments as they became due, both sides closed the evidence in the case, and the court charged the jury to return a verdict for the defendant.
It is alleged by the plaintiff in error that the court erred in its charge, and that is the only error complained of.
Now, it is insisted on the part of The Singer Manufacturing Company, that this is a simple chattel mortgage, and that under it it had a right to take possession of this property, and *462 hold it for the balance due, and that under the provisions of the mortgage it had the right to sell the machine either at public or private sale, and that it had the right to bid in the property itself, and that this contract does not come within the provisions.of the act to regulate conditional sales of property, etc., passed May 4,1885, which provide :
Section 1. Beit enacted by the General Aseembly of the State of Ohio, That in all cases where any personal property shall be sold to any person to be paid for in whole or in part in installments, or shall be leased, rented, hired or delivered 4o another on condition that 'the same shall belong to the person purchasing, leasing, renting, hiring, or receiving the same whenever the amount paid shall be acertain sum, or the val ue of such property, the title to the same to remain in the vendor, lessor, renter, hirer or deliverer of the same, until such sum or the value of such property, or any part thereof shall have been paid, such condition; in regard to the title so remaining until such payment, shall be void as to all subsequent purchasers and mortgagees in good faith and creditoré, unless such condition shall be evidenced by writing signed by thepurchaser, lessor, renter, hirer or receiver of the same, and also a statement thereon, under oath, made by the person so selling leasing or delivering any property as herein provided, his agent or attorney, of the amount of the claim, or.a true copy thereof, with an affidavit that the same is a copy, deposited with the clerk of the township where the person signing the instrument resides at the time of the execution thereof if a resident of the state, and if not such resident, chen with the clerk of the township in whieh such property is sold, leased, rented, hired, or delivered is situated at the time of the execution of the instrument ; but when the person executing the instrument is a resident of a township in ■ which the office of county recorder is kept, or when he is a non-resident of the state, and the property is within such township, the instrument shall be filed with the county recorder; and the officer receiving any such instrument shall proceed with the same in all respects as he is required to do by section 4152 of the Revised Statutes of Ohio, and shall.receive the same fees as are allowed by law for similar services in other cases.
Sec. 2. Whenever such property is so sold or leased, rented, hired or delivered, it shall be unlawful for the vendor, lessor, *463 renter, hirer or deliverer, or his or their agent or servant, to take possession of said property without tendering or refunding to the purchaser, lessee, renter or hirer thereof, or any party receiving the same, the sum or sums of money so paid after deducting therefrom a reasonable compensation for the use of such property, which shall in no case exceed fifty percent. of the amount so paid, anything in the contract to the contrary notwithstanding, and whether such condition be expressed in such contractor notrunless such property has been broken or actually damaged, and then a reasonable compensation for such breakage or damage shall be allowed.
Sec, 3. Any person violating any of the provisions of section two of this act, shall be deem.ed guilty of a misdemeanor, and on conviction thereof, shall be fined in any sum not more than one hundred dollars.
As proof in this case, this mortgage was introduced in evidence, and the proof shows that it was executed and signed by both parties at the time of the consummation of the contract] and that it was all one transaction as is shown by the testiriiony of J, W. Ramsey, the agent of the company, who made the contract with plaintiff, j
Now, what have we in the instrument? It is a contract in. the first-instance by the company of the sale of this machine to Mrs. Caldwell for $55.00, to be paid forin installments, andafter acknowledging the receipt of $5.00 in cash, and $10.00 for an eld machine, it provides for 13J- installment payments of $3.00 each. And then it provides for a re-sale of the machine by Mrs. Caldwell to The Singer Manufacturing Company, which transfers the title from her to the company, and provides that they may hold it as security ¿ and authorizes it to take possession of the machine if she fails to perform the conditions of the contract or any of them, and that upon failure to make •the payments when they fall due, it may take the machine and bold it for the balance due.
Does it come withiii the purview of this statute? It certainly was a contract providing for a sale to be paid for in installments. It certainly provided for forfeiture upon failure,. *464 and so far there is no question. But, it is claimed that it is not a conditional sale, technically speaking; that tire title was1 transferred to Mrs. Caldwell, and re-transferred by her to the -Singer Manufacturing Company in the same instrument, and at the same time, and therefore to_ be distinguished from the class of cases where the title is to remain in the vendor until the property is paid for*
We are unable to find any difference between the two. We think it was just exactly this kind of contract that this statute was made and passed for to meet.
Long prior to the passage of this statute, contracts of this ■character had been and were being made in evei>y county in the state, by the vendors of sewing machines, pianos and organs more especially, and of some other kinds of property. Contracts were made in writing, drawn up with substantially the same stipulations as we have here, but not called mortgages, and the contracts were conditional in that they provided that the title should remain in the vendor until the other party should pay for the article. ' '
Great abuse had been perpetrated by means of these contracts. The Supreme Court of this state had unfortunately held that that kind of contracts were valid and binding upon the parties, and therefore we were unable under the holding of the Supreme Court of Ohio, to protect purchasers.under such circumstances, and under it the vendors ofthese machines, where they entered into contracts of this kind, were ruining the poor people of the state. For whenever they could get a party in default on any of the payments of the installments, whether of $1.00 or more, they took possession of the prop'erty and held it as their own, and filched from the people their •machines and all they had paid on them.. The time had come when there was a necessity for the legislature to act, for the Supreme court had gone so far as to hold that no matter how small the amount due, the company could gobble up .the -machine.
John M. Cook, for plaintiff.
Emmett E. Erskine, for defendant.
Therefore this statute was passed providing that when sueh a contract was entered into, and the vendor sought to regain possession of the machine, he should only be permitted to do so upon restoring what had already been paid.
What difference does it make that a contract has been entered into in form of a mortgage ? Does it make any. difference whether it is in a mortgage or some other instrument ? It is still a contract, and in our judgment, wherever thus found, it comes within the provisions of the second section of the statute, and that section ougt to apply. No make-shift in the getting up of contracts of this character should be allowed by the courts to be made for the purpose of avoiding the provisions of this statute.
We do not think courts would be justified in so doing. In this case we have a conditional contract, and it is in this mortgage. It is a long contract made by these parties, and its terms are squarely within the provisions of this act.
It is said that the effect of this holding will be to impair the validity of chattel mortgages in Ohio. We do not think so. There was no trouble in this case, so far as the foreclor sure of the mortgage was concerned. There would have been no trouble in having brought an action in replevin, and not violating the provisions of this statute.
But the very thing the defendant in this case did, is prohibited by this statute, and in our judgment the court below erred in charging the jury as it did, evidently basing the charge on the proposition that this was a chattel mortgage, and therefore did not come within the provisions of this statute.
Judgment below is reversed, and the case remanded. ■